IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-223-D
No. 5:20-CV-188-D

| | |
|---|---|
| RANDY LEE CARNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 4, 2020, Randy Lee Carney ("Carney") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 71, 71-1]. On September 15, 2020, the government moved to dismiss Carney's motion [D.E. 77] and filed a memorandum in support [D.E. 78]. The same day, the court notified Carney of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 79]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 28, 2021, Carney responded in opposition to the government's motion [D.E. 82]. As explained below, the court grants the government's motion to dismiss and dismisses Carney's section 2255 motion.

I.

On November 28, 2016, without a plea agreement, Carney pleaded guilty to two counts of distribution and possession with intent to distribute a quantity of cocaine base (crack) (counts one and two). See [D.E. 21]; Rule 11 Tr. [D.E. 60] 21–22. On December 13, 2017, the court held a hearing at which it continued Carney's sentencing and advised the parties that the court was considering an upward departure pursuant to U.S.S.G. § 4A1.3. See [D.E. 42]; see also [D.E. 43].

On January 26, 2018, the court held Carney's sentencing hearing and, after overruling the Carney's objections, adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 49, 51]; [D.E. 59] 4. The court found Carney's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. See [D.E. 59] 8. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Carney to 120 months' imprisonment on each count to run concurrently. See id. at 9–19. Carney appealed. See [D.E. 53]. On January 30, 2019, the United States Court of Appeals for the Fourth Circuit affirmed Carney's sentence. See United States v. Carney, 761 F. App'x 150, 150–54 (4th Cir. 2018) (per curiam) (unpublished).

In Carney's section 2255 motion, Carney argues (1) that the court erred in applying the career offender enhancement because his possession with intent to sell and deliver marijuana conviction was not a predicate offense and (2) that he received ineffective assistance of counsel because his lawyer should have objected to using that conviction as a predicate offense. See [D.E. 71] 2, 4; [D.E. 71-1] 1–4].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Carney argues that the court erred in its advisory guideline calculation by applying the career offender designation. Carney, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding.").

Alternatively, Carney procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Carney from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Thus, the claim fails.

Alternatively, Carney's claim that the court erred in applying career offender status lacks merit. Carney's 2012 North Carolina felony drug conviction is a felony trafficking offense under state law and therefore an appropriate predicate offense for career offender status. See U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law,

3

punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."); Tesseneer v. United States, No. 1:11-CR-00029-MR-1, 2015 WL 3767579, at *2 (W.D.N.C. June 17, 2015) (unpublished).

Next, Carney alleges that he received ineffective assistance of counsel because his lawyer did not object to the use of the marijuana conviction as a predicate offense for Carney's career offender designation. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Carney must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that

4

counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Carney has not plausibly alleged deficient performance at sentencing. Carney's 2012 North Carolina felony drug conviction is a felony trafficking offense under state law and therefore an appropriate predicate offense for career offender status. Accordingly, even if defense counsel had objected to the use of Carney's 2012 North Carolina felony drug conviction as a predicate offense for Carney's career offender status, the objection would have failed. See U.S.S.G. § 4B1.1(a); U.S.S.G. § 4B1.2(b); Tesseneer, 2015 WL 3767579, at *2. Defense counsel's performance at sentencing was adequate and falls within the wide range of professional performance. See Strickland, 466 U.S. at 691. The Sixth Amendment does not require a lawyer to make all non-frivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). On this record, there was no deficient performance.

Alternatively, Carney has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In light of this court's extensive discussion of the two alternate bases for Carney's sentence, Carney has not plausibly alleged that counsel could have done something differently to obtain a different sentence for Carney. First, the court announced that "in an alternative counterfactual universe had career offender not applied" the court would have

5

upwardly departed pursuant to Rule 32(h) to an offense level of 24 and a criminal history category of VI, yielding a Guidelines range of 100 to 125 months and imposed the same 120 month sentence. [D.E. 59] 18. The court then stated that, even without the career offender designation and the upward departure, it would have varied upward and imposed the same 120 month sentence. See id. at 19. This court's alternative sentences defeat any claim that counsel's performance at sentencing prejudiced Carney. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); cf. Carney, 761 F. App'x at 152–54. Thus, Carney has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Carney's motion, the court finds that reasonable jurists would not find the court's treatment of Carney's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 77], DISMISSES Carney's section 2255 motion [D.E. 71], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 7 day of March 2022.

JAMES C. DEVER III
United States District Judge

6

Case 5:16-cr-00223-D   Document 83   Filed 03/07/22   Page 6 of 6